JOHN M. MALEK
ISB# 10060
330 SHOUP AVE, SUITE 314
IDAHO FALLS, ID 83402
986.249.0002
jmlgdocs@maleklawgroup.com

## UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF IDAHO

| | |
|---|---|
| Michael Kendrick**,** <br><br> Plaintiff, <br><br> v. <br><br> Idaho Department of Correction, Centurion Health of Idaho, LLC, Dr. Orme, Tonya McMillan**,** John and Jane Does 1–10 <br><br> Defendants. | Case No. _____ <br><br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This is a civil rights and negligence action arising from Defendants' deliberate indifference and negligence in failing to protect Plaintiff Michael Kendrick from hazardous conditions at the Idaho State Correctional Institution (ISCI) and in denying him timely and adequate medical care after a spider bite, which resulted in the amputation of his left lower leg.

2. Defendants' actions and omissions violated Plaintiff's rights under the Eighth Amendment to the United States Constitution and under Idaho tort law.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights.

4. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Idaho and the Defendants reside and do business in Idaho.

## PARTIES

6. Plaintiff **Michael Kendrick** is an adult individual incarcerated under the custody of the Idaho Department of Correction (IDOC).

7. Defendant **Idaho Department of Correction (IDOC)** is a state agency responsible for the custody, housing, and safety of incarcerated individuals.

8. Defendant **Centurion Health of Idaho, LLC** is a private company contracted by IDOC to provide medical services to incarcerated individuals at ISCI.

9. Defendant **Dr. Orme** is the Medical Director at ISCI, responsible for overseeing the provision of medical care to incarcerated persons. She is sued in her individual and official capacities.

10. Defendant **Tonya McMillan** is an IDOC/Centurion employee responsible for medical supply ordering and oversight. She is sued in her individual and official capacities.

11. **John and Jane Does 1–10** are correctional officers and medical personnel whose identities are currently unknown, but who were directly involved in the events described herein.

## FACTUAL ALLEGATIONS

12. On or about November 3, 2022, Plaintiff reported to medical staff that he had developed an "itchy knot" on his left calf, suspected to be a spider bite.

13. Despite his report, Defendants failed to take immediate action to mitigate or investigate the presence of dangerous spiders in the prison environment and failed to provide timely, effective medical care.

14. Plaintiff was prescribed antibiotics but initially refused them. Within days, however, his leg rapidly worsened, showing swelling, erythema, and ulceration.

15. On or about November 7, 2022, Plaintiff was admitted to the hospital with sepsis, cellulitis, and an abscess in his left lower extremity.

16. Despite emergency care, his condition deteriorated. On or about December 17, 2022, Plaintiff underwent a below-the-knee amputation (BKA) of his left leg.

17. Defendants' failures included:

- Failing to implement adequate pest control measures within the prison to prevent dangerous spider infestations;

- Failing to provide timely and appropriate medical treatment after Plaintiff reported the spider bite;

- Delaying hospitalization and advanced care until after Plaintiff's condition had severely deteriorated;

- Failing to ensure Plaintiff received proper pain management and follow-up care after his amputation.

18. As a direct and proximate result of Defendants' deliberate indifference and negligence, Plaintiff lost his left leg, endures permanent disability, suffers ongoing pain, and faces an increased risk of future infections.

## CAUSES OF ACTION

### Count I – 42 U.S.C. § 1983 – Eighth Amendment – Deliberate Indifference

### (Against All Defendants)

19. Plaintiff re-alleges all prior paragraphs.

20. Defendants, acting under color of state law, knew of and disregarded Plaintiff's serious medical needs by failing to provide timely and adequate care, in violation of the Eighth Amendment.

21. Defendants also failed to mitigate known environmental hazards (spider infestations), placing Plaintiff at substantial risk of harm.

22. Defendants' conduct was reckless, wanton, and deliberately indifferent to Plaintiff's health and safety.

### Count II – Negligence / Medical Malpractice

### (Against IDOC and Centurion)

23. Defendants owed Plaintiff a duty of reasonable care in maintaining safe prison conditions and providing adequate medical treatment.

24. Defendants breached that duty by failing to mitigate environmental hazards and by providing inadequate and delayed medical care.

25. Defendants' breach directly caused Plaintiff's severe infection, sepsis, and eventual amputation.

### Count III – Premises Liability

### (Against IDOC)

26. IDOC had a duty to maintain safe prison conditions, including pest control.

27. IDOC's failure to mitigate the risk of spider infestations created an unreasonable danger that directly caused Plaintiff's injuries.

### Count IV – Injunctive Relief

### (Against All Defendants)

28. Plaintiff requires ongoing medical care and specialized prosthetic support to prevent further harm.

29. Absent court intervention, Defendants' systemic failures place Plaintiff at risk of worsening disability, untreated infections, and future injuries.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in his favor and against all Defendants;

2. Award compensatory damages in an amount to be proven at trial;

3. Award punitive damages against individual Defendants for deliberate indifference;

4. Enter injunctive relief requiring Defendants to provide ongoing adequate prosthetic care, wound management, and environmental hazard mitigation;

5. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

6. Grant such further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

      **/s/ John Malek**
Attorney for Plaintiff Michael Kendrick
John Malek Law Group, PLLC

CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2025, I caused to be served a true and correct copy of the foregoing document upon the following person(s) in the manner indicated:

| | |
|---|---|
| Idaho Department of Correction<br>centralrecords@idoc.idaho.gov<br><br>Michael Kendrick<br>IDOC #"143277 | [X] E-service via iCourt file and serve system<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[ ] E-mail<br>[ ] Designated Courthouse Box |

/s/ *Angie Ramos*
Angie Ramos
Paralegal